UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 2 3 2005 WH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **MICHAEL W. DOBBINS** |
| | ) | **CLERK, U.S. DISTRICT COURT** |
| v. | ) | No. 04 CR 699 |
| | ) | |
| GALE NETTLES | ) | Hon. John F. Keenan |

## GOVERNMENT'S UNOPPOSED MOTION TO EXCLUDE TIME UNDER TITLE 18, UNITED STATES CODE, SECTION 3161(h)

Now comes the UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and moves for an exclusion of time under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., in which to commence the trial against defendant Gale Nettles. In support of its motion, the government states as follows:

1. The Speedy Trial Act mandates that trial shall commence within seventy days of the filing and making public of an indictment, or the date on which a defendant appears before a judicial officer on the indictment, whichever is later. 18 U.S.C. § 3161(c)(1). The seventy day period is subject to exclusions set forth in 18 U.S.C. § 3161(h).

2. In this case, defendant first appeared before the district court on the charges set forth in the indictment on September 13, 2004.

3. At defendant's arraignment on September 13, 2004, the district court ordered time excluded from the Speedy Trial Act through October 15, 2004, pursuant to 18 U.S.C. § 3161(a)(1) and *United States v. Tibboel*, 753 F.2d 608 (7th Cir. 1985).

4. By minute order on September 15, 2004, the district court ordered time excluded from the Speedy Trial Act through October 19, 2004, pursuant to 18 U.S.C. § 3161(h)(1) and *Tibboel*.

5. On October 15, 2004, the district court ordered time excluded from the Speedy Trial

Act through November 19, 2004, pursuant to 18 U.S.C. § 3161(h)(1) and *Tibboel*.

6.     On November 4, 2004, defendant filed a Motion to Transfer Proceedings, asserting that the judges of the United States District Court for the Northern District of Illinois should be recused from this matter.

7.     On November 18, 2004, the district court ordered time excluded from the Speedy Trial Act through November 30, 2004, pursuant to 18 U.S.C. § 3161(h)(1)(F).

8.     On November 23, 2004, the district court denied defendant's Motion to Transfer Proceedings.

9.     On November 30, 2004, the district court ordered time excluded from the Speedy Trial Act through January 7, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

10.    On December 3, 2004, defendant filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Seventh Circuit, challenging the district court's denial of his Motion to Transfer Proceedings.

11.    On January 7, 2005, the district court ordered time excluded from the Speedy Trial Act through January 28, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

12.    On January 21, 2005, the United States Court of Appeals granted defendant's Petition for Writ of Mandamus and reversed the district court's denial of defendant's Motion to Transfer Proceedings and ordered that a district court judge who sits outside the Northern District of Illinois preside over further proceedings.

13.    On March 21, 2005, the Chief Justice of the United States Supreme Court issued an amended order pursuant to 28 U.S.C. § 294(d) designating and assigning Honorable John F. Keenan, Senior United States District Court Judge for the Southern District of New York, to perform judicial

duties in this case.

14. Fifty-two days have passed between the final day the district court excluded time from the Speedy Trial Act, January 28, 2005, and the date of this filing, March 23, 2005.

15. The Speedy Trial Act requires the district court to enlarge the seventy-day time period for a variety of reasons, including "delay resulting from an interlocutory appeal" (18 U.S.C. § 3161(h)(1)(E)) and "delay resulting from any proceeding related to the transfer of a case . . . under the Federal Rules of Criminal Procedure" (18 U.S.C. § 3161(h)(1)(G)). The seventy-day time period may also be enlarged if the district court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the factors identified by Congress as relevant to this determination are whether the failure to grant such a continuance in a case would deny the defendant continuity of counsel and would deny a defendant's counsel reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(8)(B)(iv).

16. The government respectfully requests that this Court exclude time from the Speedy Trial Act's seventy-day time period from March 23, 2005 to the date of the next status hearing before this Court. The current delay is directly attributable to defendant's interlocutory appeal, and it also relates to the transfer of this case to a judge who sits outside the Northern District of Illinois. In addition, the ends of justice support the exclusion of this time period.

17.    Defendant's counsel John Theis has advised the undersigned that he does not oppose this motion, and that he needs additional time to prepare pre-trial motions and to prepare for trial in this matter.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    _____

JOHN C. KOCORAS
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-7602

CERTIFICATE OF SERVICE

The undersigned attorney, John C. Kocoras, certifies that he is employed in the Office of the

United States Attorney for the Northern District of Illinois; that on the 23rd day of March 2005, he

served a copy of the foregoing GOVERNMENT'S UNOPPOSED MOTION TO EXCLUDE TIME

UNDER TITLE 18, UNITED STATES CODE, SECTION 3161(h) via facsimile to:

Mr. John T. Theis, Esq.
Suite 220 - Barrister Hall
29 South LaSalle Street
Chicago, Illinois 60603

JOHN C. KOCORAS
Assistant U.S. Attorney