FILED

MAY 5 2005

MAY 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

GALE NETTLES,

Defendant.

04 CR 699

Honorable John F. Keenan
(By Designation and Assignment)

## DEFENDANT'S MOTION *IN LIMINE* REGARDING PRIOR CONVICTIONS

NOW COMES the Defendant, GALE NETTLES, by and through his attorney, JOHN T. THEIS, and moves pursuant to Rule 609 of the Federal Rules of Evidence *in limine* for an order prohibiting the introduction into evidence of the Defendant's prior criminal convictions, stating in support thereof as follows:

1. The Defendant is charged in the instant indictment with nine counts, of which three counts, alleging violations of 18 U.S.C. § 844(f)(1), 18 U.S.C. § 844(i) and 18 U.S.C. § 2339(A) arise out of an alleged offense which had as its purpose the destruction by fire and explosives of the Dirksen Federal Building, and six counts are counterfeit related offenses in violation of 18 U.S.C. § 471 and 473.

2. The Defendant may or may not testify in this case, but if he chooses to testify the Defendant believes that the Government may attempt to introduce evidence of prior convictions for the purpose of impeachment of the Defendant pursuant to Rule 609 of the Federal Rules of Evidence.

3. The Defendant has numerous convictions in his past, most of which are quite remote in time, including arrests and convictions in the 1950's, 1960's, and 1970's, which the

1

Defendant believes the Government will not attempt to introduce because of the time limits prescribed by Rule 609(b); if the Government indicates that it will attempt to impeach Defendant with those convictions, the Defendant will set forth the specific nature of those convictions so that the Court can make a determination of whether they are properly subject of impeachment pursuant to *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

4.      Defendant has a 2001 conviction for counterfeiting, which is within the time period allowed by 609(b), but the Defendant moves pursuant to 609(a)(1) to exclude that conviction, since the prejudicial effect on the Defendant because of the nature of the offense charged in the instant indictment would outweigh the probative value of its use as impeachment.

WHEREFORE, Defendant GALE NETTLES, respectfully requests that this Court grant an Order prohibiting the Government's use of Defendant's 2001 counterfeiting conviction for impeachment purposes in this case.

Respectfully submitted,

JOHN T. THEIS

JOHN T. THEIS
29 South La Salle Street
Barrister Hall - Suite 220
Chicago, IL 60603
(312) 782-1121

F:\Clancy\AA THEIS\2004\Nettles\motinliminepriorconv.wpd

2