FILED LAL

MAY 5 2005

MAY 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

GALE NETTLES,

                Defendant.

04 CR 699

Honorable John F. Keenan
(By Designation and Assignment)

## DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT INTRODUCTION OF TAPE RECORDINGS OF NON-TESTIFYING WITNESSES

NOW COMES the Defendant, GALE NETTLES, and moves this Honorable Court *in limine* for an Order prohibiting the introduction into evidence of any tape recorded conversations of individuals who are not called to testify in this case, stating in support thereof as follows:

1.      The Defendant is charged in the instant indictment with nine counts, of which three counts, alleging violations of 18 U.S.C. § 844(f)(1), 18 U.S.C. § 844(i) and 18 U.S.C. § 2339(A) arise out of an alleged offense which had as its purpose the destruction by fire and explosives of the Dirksen Federal Building, and six counts are counterfeit related offenses in violation of 18 U.S.C. § 471 and 473.

2.      The Defendant is informed and believes that the Government may attempt to introduce into evidence in this case tape recorded conversations between the Defendant and other individuals.

3.      The Defendant does not know at this time whether the Government intends to call as witnesses the individuals whose voices are heard on the tape recordings.

4.      The Defendant is entitled to confront any witnesses whose evidence is introduced

1

in this case under the Confrontation Clause of the Sixth Amendment of the United States Constitution. *Crawford v. Washington*, 124 S.Ct. 1354 (2004)

5.  *Crawford* holds that the Sixth Amendment demands what the common law required: unavailability and an opportunity for cross examination. Thus, under *Crawford*, none of the tape recorded conversations should be allowed into evidence unless the participants in the conversation who make evidentiary statements are called as witnesses so that the Defendant can confront them and challenge the evidence which the Government introduces.

6.  The statements of the individuals, other than the Defendant, that appear on the tape recordings are also inadmissible because they are hearsay statements which are not subject to admission under the co-conspirator exception to the hearsay rule, because they are not in furtherance of the conspiracy. *United States v. Magnus*, 743 F.2d 517 (7th Cir. 1984)

7.  The requirement that a co-conspirator statement be made "during the course and in furtherance of the conspiracy" is a limitation on the admissibility of co-conspirator statement that is meant to be taken seriously. *Garlington v. O'Leary*, 879 F.2d 277 (7th Cir. 1989); in order to use a co-conspirator's statement without running afoul of the Sixth Amendment's Confrontation Clause, the Government must satisfy each of the elements of the co-conspirator exception of the hearsay rule, including the "in furtherance" requirement of Rule 801(d)(2)(E). Both the Supreme Court and the Seventh Circuit have declined to broaden the traditional hearsay rule which includes co-conspirator's statements offered unless it is made in furtherance of the conspiracy. *See Krulewitch v. United States*, 336 U.S. 440 (1949) and *United States v. Johnson*, 927 F.2d 999 (7th Cir. 1991).

8.  The participants in the conversation, other than the Defendant, were either law

enforcement personnel or were acting on behalf of law enforcement personnel; thus the statements were not in furtherance of the conspiracy and are not admissible in the trial in this cause.

WHEREFORE, the Defendant respectfully requests that the Court grant a motion *in limine* prohibiting the introduction into evidence of any non-testifying witnesses in this case, and any statements which are not in furtherance of a conspiracy and thus not exceptions of the hearsay rule.

Respectfully submitted,

JOHN T. THEIS

JOHN T. THEIS
29 South La Salle Street
Barrister Hall - Suite 220
Chicago, IL 60603
(312) 782-1121

F:\Clancy\AATHEIS\2004\Nettles\motinliminenontestwit.wpd

3