UNITED STATES DISTRICT COURT **FILED**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 2 7 2005 WH
MAY 27 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA  )
                          )
v.                        )   No. 04 CR 699
                          )
GALE NETTLES             )   Hon. John F. Keenan (by designation)

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO REQUIRE NOTICE OF INTENTION TO USE OTHER CRIMES, WRONGS, OR ACTS IN EVIDENCE AND MOTION IN LIMINE REGARDING PRIOR CONVICTIONS

The UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following consolidated response to Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts in Evidence and Motion *in Limine* Regarding Prior Convictions.

In the first motion defendant requests that the Court order the government to give notice of any evidence it intends to present pursuant to Federal Rules of Evidence 404(b) and 608(b). In his motion *in limine*, defendant requests that the government be prohibited from discussing at trial any of defendant's prior convictions. As discussed below, the government has agreed to give notice two weeks prior to trial of any Rule 404(b) evidence it intends to use (and gives notice below of some such evidence). Accordingly, that portion of defendant's first motion should be denied as moot. Defendant's request for notice of Rule 608(b) evidence should be denied because the law does not require such notice and notice would inhibit the truth-seeking function of cross-examination. Finally, defendant's motion *in limine* should be denied because evidence defendant's 2001 counterfeiting conviction is highly probative at this trial and admissible pursuant to Rule 404(b), and the remaining concerns of that motion are moot.

## I.     Notice of Evidence Under Rule 404(b)

Rule 404(b) provides that the government should provide reasonable notice of its intent to use other crimes, wrongs, or acts evidence in advance of trial, and the government acknowledges this obligation. Accordingly, the government proposes to submit its notice no later than two weeks prior to the trial in the case, as it previously proposed in its Rule 16 letter sent to defendant.

At this time the government intends to present evidence pursuant to Rule 404(b) regarding defendant's previous federal conviction for a counterfeiting offense and his sentence to a term of imprisonment of 24 months and a term of supervised release of two years. This evidence will be offered to show defendant's motive to destroy the Dirksen building and kill judges, as defendant expresses in a recorded conversation with an undercover officer. In addition, as discussed below, evidence of defendant's counterfeiting activity underlying this conviction will be offered to show defendant's plan to manufacture counterfeit currency, his knowledge of how to use computers to manufacture what appears to be currency, and his *modus operandi*, as the conduct in his prior case is similar to his counterfeiting activities alleged in this case.

## II.    Admissibility of Evidence of Defendant's 2001 Counterfeiting Conviction

This case involves defendant's efforts to destroy the Dirksen Federal Building, which houses Chicago's federal courts, and defendant's sale of ammonium nitrate fertilizer to a purported anti-American terrorist for use in a truck bomb. As defendant made clear in recorded conversations, his motivation for these crimes was his belief the federal judicial system is corrupt and required dramatic change. Defendant also made clear that his animosity was based on what he believed to be unfair treatment in connection with his 2001 counterfeiting conviction and subsequent sentence, which occurred in the Dirksen Federal Building. Defendant seeks in his motion *in limine* to exclude this

2

conviction and sentence, asserting that their prejudicial effect outweighs their probative value.

Rule 404(b) expressly provides that evidence of other crimes may be admissible to prove motive. Because defendant's experience with the federal judicial system is at the center of the conduct charged here, its probative value is enormous. Defendant's previous counterfeiting, which as in this case involved use of a home computer to print what appeared to be U.S. Currency, also demonstrates defendant's knowledge of computers and *modus operandi*. Rule 404(b) permits its admission on those separate grounds. Although he faces counterfeiting charges again in this case, the danger of unfair prejudice does not outweigh, let alone substantially outweigh, this probative value. Accordingly, evidence of defendant's prior conviction and sentence should be admitted.

## II.    Evidence Under Rule 608(b)

The government objects to defendant's request for an order requiring the government to give notice prior to trial of any Rule 608(b) evidence against him.

Rule 608(b) permits inquiry, for impeachment purposes, into prior specific instances of conduct on cross examination of a witness where the conduct inquired about bears on the issue of credibility. Unlike Rule 404(b), Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes. Defendant cites no authority entitling him to pretrial disclosure of Rule 608(b) evidence, and defendants are not entitled to any discovery of Rule 608(b) material. *See United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985); *United States v. Santillanes*, 728 F.Supp. 1358, 1360 (N.D. Ill. 1990); *United States v. Climatemp*, 482 F. Supp. 376, 891 (N.D. Ill. 1979), *aff'd* 705 F.2d 461 (7th Cir. 1983).

Rule 608(b) applies to evidence of specific instances of misconduct used for impeachment. Cross-examination is a truth-seeking tool and impeachment is an important part of

cross-examination. Advance disclosure would eliminate the effectiveness of the use of specific instances of misconduct by depriving the jury of the opportunity to observe the witness' spontaneous response to the questioning, and unfairly benefit the defendant. (Indeed, the defendant has not offered to disclose any 608(b) relative to the government witnesses.) Disclosure therefore would not further the truth seeking function of the trial. Accordingly, because of the potential prejudice to the government, and under both existing authority and the plain language of the Rule, this Court should deny that portion of defendant's motion which requests pretrial disclosure of Rule 608(b) evidence.

Moreover, at this time the government does not intend to present at trial convictions over ten years old, so that portion of defendant's motion *in limine* is moot. Should the government's position change as it prepares for trial, it will promptly provide notice to defendant so that any issues regarding those convictions could be litigated.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: JOHN C. KOCORAS
Assistant U. S. Attorney
219 S. Dearborn, Suite 500
Chicago, Illinois 60604
(312) 353-7602

## CERTIFICATE OF SERVICE

The undersigned attorney, John C. Kocoras, certifies that he is employed in the Office of the

United States Attorney for the Northern District of Illinois; that on the 27th day of May 2005, he

served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO

REQUIRE NOTICE OF INTENTION TO USE OTHER CRIMES, WRONGS, OR ACTS IN

EVIDENCE by placing the same in the United States mail addressed to:

Mr. John T. Theis, Esq.
Suite 220 - Barrister Hall
29 South LaSalle Street
Chicago, Illinois 60603

JOHN C. KOCORAS
Assistant U.S. Attorney

5