UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 27 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 04 CR 699 |
| | ) | 04 CR 699 |
| GALE NETTLES | ) | Hon. John F. Keenan (by designation) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT INTRODUCTION OF TAPE RECORDINGS OF NON-TESTIFYING WITNESSES

The UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following response to Defendant's Motion *in Limine* to Prohibit Introduction of Tape Recordings of Non-testifying Witnesses. For the reasons set forth below, defendant's motion should be denied.

Defendant's motion asserts that the government should not be permitted to play tape recordings of his conversations unless the government calls the other participants in the conversations at trial. Defendant argues that the statements of other participants are inadmissible hearsay, and to allow the recordings without the testimony of those participants would violate his Confrontation Clause rights. Neither of these arguments has merit.

The Seventh Circuit has held that, in cases where tape-recorded evidence is admitted in the absence of testimony by the informant who recorded the conversations, the Confrontation Clause of the Sixth Amendment is not violated if the government specifies (and the jury is instructed) that the statements of the informant are offered not for their truth, but rather are offered to provide context so as to make the defendant's statements intelligible as admissions. The government will request such an instruction in this case, and will submit one that is consistent with those previously

approved by the Seventh Circuit.

For example, in *United States v. Davis*, 890 F.2d 1373, 1379 (7th Cir. 1989), the defendant argued that "his sixth amendment right to confront the witnesses against him was violated when the trial court admitted the tape recordings with [the informant] when [the informant] was not called to testify." In *Davis*, the trial court admitted the recorded statements of the non-testifying informant on the basis that they provided context for the jury to understand the defendant's admissions, and the court also instructed the jury to that effect. *Id.* at 1380. The Seventh Circuit rejected the defendant's Sixth Amendment confrontation claim, and stated that "the admission of [the informant's] portion of the conversations do not implicate [the defendant's] sixth amendment rights because the tape recorded statements were admitted for the limited purpose of placing [the defendant's] statements in context." *Id.* Accordingly, the defendant was not prejudiced by his inability to cross-examine the non-testifying informant. *See id.* (collecting analogous precedent from other circuit courts); *see also United States v. Gajo*, 290 F.3d 922, 929-30 (7th Cir. 2002) (holding statements of an informant may be admitted as non-hearsay to provide context to a conversation).

Similarly, in *United States v. McClain*, 934 F.2d 822, 832 (7th Cir. 1991), the defendant claimed that his Sixth Amendment rights were violated because an informant, whose conversations were introduced in evidence, was not called to testify. The Seventh Circuit summarily rejected the defendant's Sixth Amendment confrontation claim and noted that the jury was instructed not to consider the informant's statements for the truth of the matters asserted. *Id.* at 832. *Accord, e.g., United States v. Kabbaby*, 672 F.2d 857, 864 (11th Cir. 1982) (collecting cases).

In the wake of *Davis*, defendants have tried to claim that they have a right to cross-examine a non-testifying informant under Fed.R. Evid. 607, which allows for impeachment of a witness

against a defendant, and Fed.R.Evid. 806, which provides for impeachment of a non-testifying witness whose statements are admitted for their truth. The Seventh Circuit also has rejected these contentions.

Specifically, in *McClain*, 934 F.2d at 832, the defendant claimed that he had a right under both Fed.R.Evid. 607 and 806 to cross-examine the non-testifying informant whose statements were on consensual recordings. The Seventh Circuit, after noting that the jury was instructed not to consider the informant's statements for their truth, stated that "[j]ust as [the informant] was not a witness for sixth amendment purposes, he was likewise not a witness for Rule 607 impeachment" purposes. *Id.* at 832. The Seventh Circuit similarly rejected the argument that impeachment was permitted under Rule 806. *See id.* at 833 (non-testifying informant's statements not admitted for their truth, so they were not hearsay, and therefore no impeachment was permissible under Rule 806).

The United States Supreme Court's decision in *Crawford v. Washington*, 124 S.Ct. 1354 (2004), does not apply to the situation at issue. In *Crawford*, the Supreme Court barred, under the Confrontation Clause, certain out-of-court testimonial statements that had previously been admitted routinely. However, the holding applies only to statements offered for their truth – such as police interrogations of unavailable witnesses. In ruling, the Supreme Court noted that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 1369 n.9.

WHEREFORE, the government respectfully requests that defendant's motion be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:      _____

JOHN C. KOCORAS
Assistant U. S. Attorney
219 S. Dearborn, Suite 500
Chicago, Illinois 60604
(312) 353-7602

4

## CERTIFICATE OF SERVICE

The undersigned attorney, John C. Kocoras, certifies that he is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 27th day of May 2005, he served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO TRANSFER PROCEEDINGS by placing the same in the United States mail addressed to:

Mr. John T. Theis, Esq.
Suite 220 - Barrister Hall
29 South LaSalle Street
Chicago, Illinois 60603

JOHN C. KOCORAS
Assistant U.S. Attorney