UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------X
UNITED STATES OF AMERICA,       :

        -against-               :
                                    04 Cr. 699 (JFK)
GALE NETTLES,                   :
                                    OPINION and ORDER
                                :
        Defendant.              :
                                :
-------------------------------X

APPEARANCES:


        For the United States of America:
            PATRICK J. FITZGERALD
            United States Attorney
            Northern District of Illinois
            Chicago, Illinois
            Of Counsel:  Brandon D. Fox
                         Victoria J. Peters
                         Assistant United
                         States Attorneys



        For the Defendant:
            John T. Theis, Esq.
            Chicago, Illinois




JOHN F. KEENAN, United States District Judge

**JOHN F. KEENAN, United States District Judge:**

## GOVERNMENT'S MOTION IN LIMINE

The Government moves in limine to preclude an entrapment defense absent defendant filing a sufficient pre-trial evidentiary proffer of facts to support such a defense. Defendant has responded and opposes the motion.

Alternatively, should the entrapment issue be allowed in the case, the Government asks the Court to permit the admission of defendant's prior convictions, claiming some are admissible on the issue of whether he had a predisposition to commit the crimes charged in the indictment. The defense also opposes this application.

## BACKGROUND

Defendant, Gale Nettles, is charged by indictment with nine counts, three of which relate to an alleged attempt to damage or destroy the Federal Courthouse in Chicago by means of fire and an explosive. The remaining six counts relate to alleged efforts to pass counterfeit United State currency. Trial will begin on September 6, 2005.

In the Government motion papers, a detailed and thorough recitation of the facts that the Government maintains it will prove at trial is supplied. In response, the defense provides as an

Appendix to its submission, 13 pages of excerpts of recorded conversations between the defendant and undercover F.B.I. agents. The defense contends that they support the proposition that an entrapment instruction should be provided at the charge stage of the case or, at the very least, that the defendant, before the jury, be permitted to pursue the entrapment defense which is one recognized by law. The defense has made a proffer.

## ANALYSIS

Under United States v. Blassingame, 197 F.3d 271, 280 (7th Cir. 1999), the defense of entrapment requires proof by defendant of two elements: "[1] government inducement of the crime, and [2] a lack of predisposition on the part of the defendant to engage in the criminal conduct" (quoting Mathews v. United States, 485 U.S. 58, 63 (1998)). The defendant's burden is to establish more than a scintilla of evidence, although the evidence need not be so substantial that, if uncontroverted, it supports a finding of entrapment as a matter of law. Blassingame, 197 F.3d at 280. If the defendant adequately establishes both elements of entrapment, the burden shifts to the Government, which can rebut the entrapment defense by proving beyond a reasonable doubt

either the absence of Government inducement or the defendant's predisposition to commit the offense. Id.

The Seventh Circuit in Blassingame, did countenance the granting of a pre-trial motion in limine precluding the issue of entrapment where the defense failed to proffer anything on the motion to support the entrapment defense. Here, the defense has submitted the portions of the recorded conversations referred to above (p. 3) which arguably support the contention that the Government initiated many of the contacts with the defendant after the defendant let periods of time pass without any effort to contact the undercover agents or do anything to further the criminal plan. Most of the conversations cited by the defendant were initiated by law enforcement, not the defendant.

I cannot rule as a matter of law that the defense fails to meet the two prongs of the Blassingame test.

United States v. Santiago-Godinez, 12 F.3d 722 (7th Cir. 1993), also approved the granting of an in limine motion to preclude the entrapment defense where the proffer by the defendant was insufficient, as a matter of law, to support such a defense. That is not the case here. In Santiago- Godinez, at p. 727, the Seventh Circuit ruled:

The issue of whether there is sufficient evidence of entrapment to support submission of that defense to a jury typically arises after the evidence has been received at trial. "[U]nless it can be decided as a matter of law, the issue of whether a defendant has been entrapped is for the jury as part of its function of determining the guilt or innocence of the accused." Sherman v. United States, 356 U.S. 369, 377, 78 S.Ct. 819, 823, 2 L.Ed. 2d 848 (1958). So, generally the question of entrapment is one for the jury, rather than for the court. Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). And whether or not an entrapment defense is available to a defendant is typically not amenable to pretrial resolution. This is because whether entrapment occurred is a factual issue; the defense of which is intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution. See Fadel, 844 F.2d at 1430 and cases cited therein.

The Court declines to supplant the jury on this issue. This portion of the Government's motion is denied.

Perhaps anticipating the result reached above, the Government also argues that defendant's prior crimes of violence and counterfeiting be admitted at trial to establish his predisposition to commit the crimes charged in the indictment and thus disprove the entrapment defense.

In 1972, defendant was arrested for attempted murder and armed robbery. He pled guilty on December 18, 1973 and was sentenced to concurrent terms of seven years to seven years and one day on the armed robbery conviction and a concurrent term of one to five years on his plea to aggravated assault.

On September 21, 1976, defendant was charged with burglary and armed robbery in Illinois. After conviction, he was sentenced to a six to eighteen year sentence on the burglary and a thirty to fifty year sentence on the armed robbery on October 12, 1977.

The Government argues that: "[T]hese convictions show defendant's predisposition to commit violent offenses and are admissible if defendant is able to assert an entrapment defense. Although these are obviously old convictions, defendant has spent almost all of the years between the 1972 arrest and today's date in prison . . . ." (p. 19 Government Motion papers received August 15, 2005).

The Court has previously ruled on June 29, 2005 that evidence of his 2002 counterfeiting conviction is admissible to prove motive under Federal Rules of Evidence ("FRE") 403 and 404(b). So, the fact of that conviction will be known by the jury in any event.

As to these earlier crimes, the Court turns to two decisions of the Seventh Circuit, United States v. Puckett, 405 F.3d 589 (7th Cir. 2005), and United States v. Swiatek, 819 F.2d 721 (7th Cir. 1987). A reading of these two cases convinces the Court that the 1970s crimes of violence are not admissible to prove predisposition, but the 2001 counterfeiting charge leading to the 2002 conviction is admissible for that purpose as to certain counts.

Puckett essentially reiterates the established Seventh Circuit four-part test for the admissibility of prior convictions or other bad acts under Rule 404(b). The evidence is admissible if:

"(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged;

(2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue;

(3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and

(4) the probative value is not substantially outweighed by the danger of unfair prejudice."

Puckett, 405 F.3d at 596. in Swiatek, the Circuit held that while evidence of bad acts is admissible to prove predisposition in an entrapment case (#1 of the four-part test), "all character evidence does not automatically become admissible once a defendant has raised the entrapment defense. Rather the evidence

7

remains subject to the other three elements of the [four-part] test." Swiatek, 819 F.2d at 728.

The 1970s violent acts are not similar to the activity charged in Counts 1, 2 and 3 here. Attempting to blow up a Federal Courthouse is quite different from armed robbery, aggravated assault and burglary. While the admission of these three decades old events would certainly help in establishing propensity (which is outlawed), they are not similar enough and close enough in time to be relevant to the instant charges, and their admission would unfairly prejudice the defendant. This part of the Government's motion is denied.

As to the counterfeiting conviction of 2002, the four prongs of the Seventh Circuit test are met with respect to Counts 4 through 9. The first element is satisfied because the defendant is raising an entrapment defense and the evidence is offered to show predisposition. As for the second and third elements, the 2002 counterfeiting conviction is evidence of activity similar and recent enough to be relevant, and the conviction is sufficient evidence that the similar past conduct occurred. The fourth element also is satisfied. Given the entrapment defense, evidence of the defendant's prior counterfeiting activities is highly probative and outweighs any possible unfair

8

prejudice to defendant. The 2002 conviction is admissible on Counts 4 through 9, and as ruled in the Court's June 29, 2005 decision to establish motive (FRE 403, 404(b)).

The Government's motion is denied other than as outlined immediately above.

**SO ORDERED.**

Dated: New York, New York
August 30 2005

**JOHN F. KEENAN**
**United States District Judge**

9