UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 1 4 2005

SEP 14 2005

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 04 CR 699 |
| v. | ) | |
| | ) | Honorable John F. Keenan |
| GALE NETTLES | ) | |

## GOVERNMENT'S FINAL PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits the following proposed jury instructions. Leave is respectfully requested to include such other and additional instructions as may become appropriate during the course of the trial.

| | Instruction | Source |
|---|---|---|
| 1. | The Functions of Court and Jury | 7th Cir. 1.01 |
| 2. | The Evidence | 7th Cir. 1.02 |
| 3a. | Testimony of Witnesses (Defendant Does Not Testify) | 7th Cir. 1.03 |
| 4. | Weighing the Evidence - Inferences | 7th Cir. 1.04 |
| 5. | Direct and Circumstantial Evidence | 7th Cir. 1.05 |
| 6. | What is Not Evidence | 7th Cir. 1.06 |
| 7. | Attorney Interviewing Witness | 7th Cir. 1.07 |
| 8. | Charge - Indictment | 7th Cir. 2.01 |
| 9. | Presumption of Innocence | 7th Cir. 2.03 |
| 10. | Failure of Defendant to Testify | 7th Cir. 3.01 |

11. Proof of Other Crimes or Acts — 7th Cir. 3.04

12. Weighing Expert Testimony — 7th Cir. 3.07

13. Witnesses Requiring Special Caution — 7th Cir. 3.13

14. Recordings/Transcripts of Recordings — 7th Cir. 3.17

15. Attempt Defined — 7th Cir. 4.07

16. Knowingly Defined — 7th Cir. 4.06

17. Substantial Step Defined. — U.S. v. Barnes, 230 F.3d 311 (7th Cir. 2000)

18. Attempting to Bomb Federal Building — 18 U.S.C. § 844(f)(1)

19. Elements as to Count One — 18 U.S.C. § 844(f)(1)

20. Attempting to Bomb Building in Interstate Commerce — 18 U.S.C. § 844(i)

21. Elements as to Count Two — 18 U.S.C. § 844(i)

22. Explosive Defined — 18 U.S.C. § 844(j)

23. Attempting to Provide Material Support to Act of Violence — 18 U.S.C. § 2339A

24. Elements as to Count Three — 18 U.S.C. § 2339A

25. Material Support or Resources Defined — 18 U.S.C. § 2339A

26. Act of Violence Defined — 18 U.S.C. § 2339A

27. Manufacturing Counterfeit Currency — 18 U.S.C. § 471

28. Elements to Count Four — 18 U.S.C. § 471

29. Delivering Counterfeit Currency — 18 U.S.C. § 473

30. Elements as to Count Five — 18 U.S.C. § 473

31.   Elements as to Count Six                          18 U.S.C. § 473

32.   Elements as to Count Seven                        18 U.S.C. § 473

33.   Elements as to Count Eight                        18 U.S.C. § 473

34.   Elements as to Count Nine                         18 U.S.C. § 473

35.   Entrapment – Elements                             7th Cir. 6.04

36.   Entrapment – Factors                              7th Cir. 6.05

37.   Entrapment – Predisposition                       7th Cir. 6.06

38.   Selection of Foreperson - Gen. Verdict            7th Cir. 7.01

39.   Separate Consideration of Charges                 7th Cir. 7.03

40.   Role of the Jury - Punishment                     *U.S. v. Greene*, 497 F.2d 1068 (7th Cir. 1974)

41.   Communication with Court                          7th Cir. 7.05

42.   Disagreement Among Jurors                         7th Cir. 7.06

      Forms of Verdict

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____

BRANDON D. FOX
VICTORIA J. PETERS
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts that may be regarded as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3a

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged in the indictment with nine offenses. The indictment charges in Count One that defendant attempted to damage and destroy a federal building. The indictment charges in Count Two that defendant attempted to damage and destroy a building engaged in interstate commerce. The indictment charges in Count Three that defendant attempted to provide material support to another person for the purpose of engaging in acts of violence. The indictment charges in Count Four that defendant manufactured counterfeit currency. The indictment charges in Counts Five through Nine that defendant dealt in counterfeit currency. The defendant has pleaded not guilty to all nine of the counts charged.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 2.01

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged in the count of the indictment you are then considering. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.03 (modified).

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 3.01

You have heard evidence of a prior criminal act of the defendant. You may consider this evidence only on the question of motive, intent, and predisposition. You should consider this evidence only for this limited purpose.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1998) 3.04

You have heard a witness, Michael Leone, give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1998) 3.07

You have heard testimony from Sylvia Anicua, who received benefits from the government in connection with this case, namely monetary payment for her cooperation in the investigation.

You have also heard testimony from Cecil Brown, who hopes to receive benefits from the government in connection with this case, namely a reduction in his sentence.

You may give their testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1998) 3.13

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned. You may consider the actions of a person, facial expressions and lip movements that you can observe on videotapes to help you to determine what was actually said and who said it.

You are not required to play the tapes, in part or in whole. You may rely, instead, on your recollections of these recordings as you heard them at trial. If you do decide to listen to or watch a tape recording, ask the Marshal in writing and we will play the tape for you in court.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1998) 3.17

Defendant is charged with certain attempted crimes in the indictment. To "attempt" means to knowingly take a substantial step toward the commission of the offense with the intent to commit that offense.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1998) 4.07

When the word "knowingly" is used in these instructions, it means that the defendant

realized what he was doing and was aware of the nature of his conduct, and did not act through

ignorance, mistake or accident.

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Committee (1998) 4.06

A substantial step is something more than mere preparation, but less than the last act necessary before the actual commission of the substantive crime. In determining whether a person took a substantial step in furtherance of a crime, your focus should be on the acts taken to complete the crime, not on those still to be done.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee (1998) 4.06

The defendant is charged in Count One of the Indictment with attempting to bomb a federal building. Federal law provides that:

> Whoever ... attempts to damage or destroy, by means of fire or an explosive, any building ... owned or possessed by the United States ...

commits the offense of attempting to bomb a federal building.

GOVERNMENT INSTRUCTION NO. 18

18 U.S.C. § 844(f)(1)

To sustain the charge of attempting to bomb a federal building contained in Count One of the indictment, the government must prove the following propositions:

First, beginning in or about December 2003, and continuing until on or about August 5, 2004, defendant intended to damage or destroy the Dirksen Federal Building by means of fire or an explosive;

Second, defendant knowingly took a substantial step toward commission of that offense;

Third, at the time the Dirksen Federal Building was owned or possessed by the United States; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count One.

GOVERNMENT INSTRUCTION NO. 19

18 U.S.C. § 844(f)(1)

The defendant is charged in Count Two of the Indictment with attempting to bomb a building used in interstate commerce. Federal law provides that:

> Whoever ... attempts to damage or destroy, by means of fire or an explosive, any building ... used in interstate commerce ... or any activity affecting interstate commerce ...

commits the offense of attempting to bomb a building used in interstate commerce.

GOVERNMENT INSTRUCTION NO. 20

18 U.S.C. § 844(i)

To sustain the charge of attempting to bomb a building used in interstate commerce contained in Count Two of the indictment, the government must prove the following propositions:

First, beginning in or about December 2003, and continuing until on or about August 5, 2004, defendant intended to damage or destroy the Dirksen Federal Building by means of fire or an explosive;

Second, defendant knowingly took a substantial step toward commission of that offense;

Third, at the time the Dirksen Federal Building was used in interstate commerce or used in any activity affecting interstate commerce; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

GOVERNMENT INSTRUCTION NO. 21

18 U.S.C. § 844(i)

As used in these instructions, the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

GOVERNMENT INSTRUCTION NO. 22

18 U.S.C. § 844(j)

The defendant is charged in Count Three of the Indictment with attempting to provide material support to another person for the purpose of engaging in acts of violence. Federal law provides that:

> Whoever attempts to provide material support or resources intending that they are to be used in preparation for or carrying out ... [acts of violence]

commits the offense of attempting to provide material support to another person for the purpose of engaging in acts of violence.

GOVERNMENT INSTRUCTION NO. 23

18 U.S.C. § 2339A

To sustain the charge of attempting to provide material support to another person for the purpose of engaging in acts of violence contained in Count Three of the indictment, the government must prove the following propositions:

First, on or about August 5, 2004, defendant intended to provide material support or resources in preparation for, or carrying out, an act of violence;

Second, defendant knowingly took a substantial step toward commission of that offense; and

Third, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

GOVERNMENT INSTRUCTION NO. 24

18 U.S.C. § 2339A

Weapons and explosives are examples of "material support or resources" as that term is used in these instructions.

GOVERNMENT INSTRUCTION NO. 25

18 U.S.C. § 2339A(b)

As used in Count Three, an "act of violence" includes:

(1) the malicious damaging or destroying, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States;

(2) the maliciously damaging or destroying, by means of fire or an explosive, any building, vehicle, or other personal or real property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce; and

(3) the killing or attempting killing of any officer or employee of the United States or of any branch of the United States Government, including any member of the uniformed services while such officer or employee is engaged in or on account of the performance of official duties.

GOVERNMENT INSTRUCTION NO. 26

18 U.S.C. § 2339A(b)

The defendant is charged in Count Four of the Indictment with counterfeiting currency.

Federal law provides that:

> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation ... of the United States ...

commits the offense of counterfeiting currency.

GOVERNMENT INSTRUCTION NO. 27

18 U.S.C. § 471

To sustain the charge of counterfeiting currency in Count Four of the indictment, the government must prove the following propositions:

First, beginning no later than on or about May 22, 2004, and continuing until at least on or about July 17, 2004, the defendant falsely made, forged, or counterfeited United States currency;

Second, that the defendant did so with the intent to defraud; and

Third, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Four.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Four.

GOVERNMENT INSTRUCTION NO. 28

Seventh Circuit Committee (1998) 18 U.S.C. § 471 (modified)

The defendant is charged in Counts Five through Nine of the Indictment with dealing in counterfeit currency. Federal law provides that:

> Whoever ... sells, exchanges, transfers, or delivers any false, forged, counterfeited, or altered obligation ... with the intent that the same be passed, published, or used as true and genuine ...

commits the offense of dealing in counterfeiting currency.

GOVERNMENT INSTRUCTION NO. 29

18 U.S.C. § 471

To sustain the charge of dealing in counterfeit currency in Count Five of the indictment, the government must prove the following propositions:

First, on or about May 22, 2004, the defendant sold, exchanged, transferred, or delivered false, forged, counterfeited, or altered United States currency;

Second, that the defendant knew at the time that the United States currency was false, forged, counterfeit, or altered;

Third, that the defendant did so with the intent that the United States currency be passed, published, or used as true and genuine; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Five.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Five.

GOVERNMENT INSTRUCTION NO. 30

Seventh Circuit Committee (1998) 18 U.S.C. 473 (modified)

To sustain the charge of dealing in counterfeit currency in Count Six of the indictment, the government must prove the following propositions:

First, on or about May 27, 2004, the defendant sold, exchanged, transferred, or delivered false, forged, counterfeited, or altered United States currency;

Second, that the defendant knew at the time that the United States currency was false, forged, counterfeit, or altered;

Third, that the defendant did so with the intent that the United States currency be passed, published, or used as true and genuine; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Six.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Six.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1998) 18 U.S.C. 473 (modified)

To sustain the charge of dealing in counterfeit currency in Count Seven of the indictment, the government must prove the following propositions:

First, on or about May 28, 2004, the defendant sold, exchanged, transferred, or delivered false, forged, counterfeited, or altered United States currency;

Second, that the defendant knew at the time that the United States currency was false, forged, counterfeit, or altered;

Third, that the defendant did so with the intent that the United States currency be passed, published, or used as true and genuine; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Seven.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Seven.

GOVERNMENT INSTRUCTION NO. 32

Seventh Circuit Committee (1998) 18 U.S.C. 473 (modified)

To sustain the charge of dealing in counterfeit currency in Count Eight of the indictment, the government must prove the following propositions:

First, on or about July 7, 2004, the defendant sold, exchanged, transferred, or delivered false, forged, counterfeited, or altered United States currency;

Second, that the defendant knew at the time that the United States currency was false, forged, counterfeit, or altered;

Third, that the defendant did so with the intent that the United States currency be passed, published, or used as true and genuine; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Eight.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Eight.

GOVERNMENT INSTRUCTION NO. 33

Seventh Circuit Committee (1998) 18 U.S.C. 473 (modified)

To sustain the charge of dealing in counterfeit currency in Count Nine of the indictment, the government must prove the following propositions:

First, on or about July 17, 2004, the defendant sold, exchanged, transferred, or delivered false, forged, counterfeited, or altered United States currency;

Second, that the defendant knew at the time that the United States currency was false, forged, counterfeit, or altered;

Third, that the defendant did so with the intent that the United States currency be passed, published, or used as true and genuine; and

Fourth, that the defendant was not entrapped into committing the offense.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Nine.

If, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Nine.

GOVERNMENT INSTRUCTION NO. 34

Seventh Circuit Committee (1998) 18 U.S.C. 473 (modified)

The government must prove beyond a reasonable doubt that the defendant was not entrapped. Thus, the government must prove beyond a reasonable doubt either (1) that, before contact with law enforcement, the defendant was ready and willing or had a predisposition or prior intent to commit the offense, or (2) that the defendant was not induced or persuaded to commit the offense by law enforcement officers or their agents.

The government needs to prove only one of these two propositions, not both. Therefore, if you find that the government has proven either of these two propositions beyond a reasonable doubt, then you should find that defendant was not entrapped. If, on the other hand, you find that the government has not proven either of these propositions beyond a reasonable doubt, then you should find that the defendant was entrapped.

GOVERNMENT INSTRUCTION NO. 35

Seventh Circuit Committee (1998) 6.04 (modified)

In determining whether the defendant was entrapped, you may consider:

(1)     The background, character, and reputation of the defendant, including prior criminal history;

(2)     Whether it was law enforcement officers or their agents that first suggested the criminal activity;

(3)     Whether the defendant performed criminal activity for profit;

(4)     Whether the defendant showed reluctance to perform criminal activity;

(5)     Whether law enforcement officers or their agents repeatedly induced or persuaded the defendant to perform criminal activity;

(6)     Whether law enforcement officers or their agents offered an ordinary opportunity to commit a crime; and

(7)     Whether law enforcement officers or their agents offered exceptional profits or persuasion or merely solicited commission of the crime.

While no single factor necessarily indicates by itself that a defendant was or was not entrapped, the central question is whether the defendant showed reluctance to engage in criminal activity that was overcome by inducement or persuasion.

GOVERNMENT INSTRUCTION NO. 36

Seventh Circuit Committee (1998) 6.05

If the defendant was ready and willing or had a predisposition to commit the offense charged, then he was not entrapped, even though law enforcement officers or their agents provided a favorable opportunity to commit the offense, made committing the offense easier, or even participated in acts essential to the offense.

GOVERNMENT INSTRUCTION NO. 37

Seventh Circuit Committee (1998) 6.06

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 38

Seventh Circuit Committee (1999) 7.01

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 39

Seventh Circuit Committee (1999) 7.03

Your role is to determine the guilt or innocence of the defendant. If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 40

*United States v. Greene*, 497 F.2d 1068, 1077 (7th Cir. 1974)

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the Court Security Officer. I caution you, however, with regard to any message or question you might send, that you should never specify your numerical division at the time. Please also be advised that we cannot give you copies of any part of the trial transcript.

GOVERNMENT INSTRUCTION NO. 41

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 42

Seventh Circuit Committee (1999) 7.06 (modified)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA    )
    )  No. 04 CR 699
       v.      )
    )  Honorable John F. Keenan
GALE NETTLES    )

## VERDICT

We, the jury, find the defendant, GALE NETTLES:

| Count No./Charge | GUILTY | NOT GUILTY |
|---|---|---|
| One/Attempting to Bomb Federal Building | | |
| Two/Attempting to Bomb Building Used in Interstate Commerce | | |
| Three/Attempting to Provide Material Support to Another Person for the Purpose of Engaging in Acts of Violence | | |
| Four/Counterfeiting Currency | | |
| Five/Dealing in Counterfeit Currency | | |
| Six/Dealing in Counterfeit Currency | | |
| Seven/Dealing in Counterfeit Currency | | |
| Eight/Dealing in Counterfeit Currency | | |
| Nine/Dealing in Counterfeit Currency | | |

FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____

Date